IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: MONITRONICS
INTERNATIONAL, INC.,
TELEPHONE CONSUMER
PROTECTION ACT LITIGATION          MDL No. 1:13-md-2493

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

THIS DOCUMENT RELATES TO ALL CASES

## ORDER/OPINION

This matter is before the Court pursuant to Plaintiffs' "Motion to Enforce the Court's Order for Discovery from ISI Alarms NC, Inc," filed on April 1, 2015. (Docket No. 380.) Defendant ISI Alarms NC, Inc ("ISI") did not file a response. This matter was referred to the undersigned by United States District Judge Irene M. Keeley on January 26, 2015. (Docket No. 297.)

**I.   Procedural History**

Plaintiffs have brought this action "to enforce the [Telephone Consumer Protection Act] in the face of rampant illegal telemarketing in the home-security industry." (Docket No. 255 at 4.) Specifically, Plaintiffs seek "to enforce the TCPA's strict limits on telemarketing calls placed through automated telephone dialing systems ("ATDS") and artificial or prerecorded voice messages, and calls placed to numbers listed on the Do Not Call Registry." (Id. at 6.)

On August 12, 2014, Plaintiff Diana Mey served a request for inspection to ISI, requesting that ISI "permit the Plaintiff, its attorneys, photographers, videographers, and/or experts to enter the property upon which ISI Alarms NC, Inc. is located, for the purpose of inspection of computers in its office workspace, including the computers of its principals, Kevin Klink, Jaryd Keesee, Jayson Walker, and its agents and employees." (Civil Action No. 1:14-cv-59, Docket No. 271-2.) Such inspection was scheduled to begin on September 26, 2014, at 9:00 a.m. (Id.) ISI filed a motion for

protective order and accompanying memorandum on September 25, 2014. (Civil Action No. 1:14-cv-59, Docket Nos. 270 and 271.) Mey filed a response in opposition on September 25, 2014. (Civil Action No. 1:14-cv-59, Docket No. 272.) Following a hearing, on October 14, 2014, the undersigned entered an Order/Opinion stating in part:

> Based upon the parties' representations during the hearing, the undersigned finds that ISI ceased business operations in March 2013. ISI operated out of a location located in Morrisville, North Carolina. On April 1, 2013, Power Home Technologies ("PHI") leased the building that previously held ISI. ISI owned twenty-seven (27) computer units, twenty-five (25) of which are "dummy" units, one of which was owner Jayson Waller's personal unit; and one of which was used for training. Those units are still in use by PHI. Counsel for ISI indicated that all computer units have been imaged.
>
> Based upon those findings, the Court has determined that while Plaintiff is entitled to access information on those computers relevant to ISI, PHT requires protection from disclosure of information relating solely to that company. Accordingly, the Court **ORDERS** the following:
>
> 1. Counsel for ISI is directed to forthwith disclose those images of the twenty-seven (27) units already taken to counsel for Plaintiff so that they can be provided to Plaintiff's experts for review.
>
> 2. To ensure that Plaintiff is satisfied that the imaging has been done, counsel for Plaintiff and Plaintiff's experts shall be permitted to travel to the location in Morrisville, North Carolina, on a specific date to be determined by the parties, to image both Waller's computer and two (2) randomly selected units. The randomly selected units shall not be predisclosed. Counsel and experts for Plaintiff may then compare their images to those provided by counsel for ISI.
>
> 3. As to the issue of whether lost information can be recovered, experts for Plaintiff must notify the Court, through counsel for Plaintiff, that such information cannot be recovered through the images and therefore requires access to the computers. If access to the computers is necessary, it shall be limited to the two (2) units randomly selected as well as Waller's computer.
>
> 4. Plaintiff's experts shall also be permitted access to the server used to store information from the twenty-seven (27) units. Experts for PHT

     are permitted to be present when such investigation is occurring. The Court notes that permitting inspection of the server does not waive any privilege as to information belonging to PHT.

  5.  All information shall only be disclosed to Plaintiff's counsel and experts and Defendant's counsel and experts.

  6.  Imaging of the units is limited to the time period before midnight on March 31, 2013. Information after that date is not to be imaged or downloaded. If Plaintiff's experts and counsel accidentally come into possession of information dated after March 31, 2013, they are required to return such information to counsel for Defendant subject to the "clawback" provision.

(Docket No. 221.)[1] Accordingly, the undersigned granted in part and denied in part ISI's motion for a protective order. Plaintiffs now seek to enforce the Court's Order of October 14, 2014.

## II. Contentions of the Plaintiffs

In their motion, Plaintiffs claim that since October 14, 2014, they have "been working diligently to acquire the information from those computers while at the same time respecting Defendant's concern that some documents retrieved from the computers may be subject to attorney-client privilege." (Docket No. 380 at 1.) According to Plaintiffs, despite "numerous compromises and genuine efforts to proceed without further intervention from the Court, ISI has repeatedly failed for [sic] adhere to the deadlines agreed to by the parties." (Id.) Plaintiffs specifically state as follows:

  To avoid court involvement and in hopes of keeping the discovery process moving despite repeated delays, on February 20, 2015, Plaintiff proposed and ISI agreed to produce, by various dates in March, 1) all documents from the forensically-imaged Waller computer, the training computer and the two randomly selected "dummy" units that existed prior to March 31, 2013 and that were not puled for reasons of potential privilege under the search guidelines agreed to by the partes; 2) all documents from the Office 365 accounts that existed prior to March 31, 2013 that

---

[1] From this point forward, all docket numbers refer to entries in 1:13-md-2493.

3

were not pulled for reasons of potential privilege under the same search criteria; and 3) all information from the forensically-imaged Waller computer, the training computer and the two randomly selected "dummy" units documents that existed <u>after</u> March 31, 2013 and that were not pulled for reasons of potential privilege under the same search criteria. . . .

As part of the February 20 Agreement, ISI also agreed to produce to Plaintiff, by **March 18, 2015**, a privilege log resulting from the information that was pulled for potential privilege from the forensically-imaged Waller computer, the training computer, the two randomly selected "dummy" units and the Office 365 accounts for the time period both before and after March 31, 2013. . . .

To date, ISI has not complied with several parts of the February 20 Agreement, including the last part whereby it was to review the documents that were initially pulled for reasons of potential privilege, produce those documents that were not privileged, and provide a privilege log to Plaintiff for those that ISI alleged were subject to attorney-client privilege. ISI should have produced the non-privileged documents and privilege log by **March 18, 2015**, but has failed to do so.

(<u>Id.</u> at 2-3.) Plaintiffs request that "the Court enter an order compelling ISI to produce to Plaintiff immediately <u>all</u> documents from <u>all</u> of the imaged computers and 365 accounts, regardless of whether those documents have been pulled for reasons of potential privilege." (<u>Id.</u> at 5.)

### III. Analysis

Fed. R. Civ. P. 26(b)(5)(A) provides:

*Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

 (i) expressly make the claim; and

 (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The party asserting the claim has the burden of showing why such privilege or protection applies. <u>See</u> <u>In re Grand Jury Subpoena: Under Seal</u>, 415 F.3d 333, 338-39 (4th Cir. 2005). To this end,

4

"[t]he Local Rules [of Civil Procedure] require more specific information to be disclosed." <u>Twigg v. Pilgrim's Pride Corp.</u>, No. 3:05-CV-40, 2007 WL 676208, at *8 (N.D. W. Va. Mar. 1, 2007). Specifically, Local R. Civ. P. 26.04(a)(2) provides in relevant part:

<u>Claims of Privilege</u>:

(i) Where a claim of privilege is asserted in objecting to any means of discovery or disclosure including, but not limited to, a deposition, and an answer is not provided on the basis of such assertion:

> (A) The attorney asserting the privilege shall identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked and certify the attorney had reviewed each document for which privilege is asserted; and
>
> (B) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:
>
>> (1) For documents:
>>
>>> (a) the type of document, e.g., letter or memorandum;
>>>
>>> (b) the general subject matter of the document;
>>>
>>> (c) the date of the document; and
>>>
>>> (d) such information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other[.]

Under Fed. R. Civ. P. 34, the rule governing interrogatories to parties, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 34(b)(4). Although Fed. R. Civ. P. 34, the rule governing document production, does not

5

contain a similar waiver provision, this Court has previously applied Rule 33's waiver provision to document production requests. See Cain v. Liberty Mut. Ins. Co., No. 3:10-cv-109, 2011 WL 1833096, at *4 (N.D. W. Va. May 13, 2011); see also Essex Ins. Co. v. Neely, 236 F.R.D. 287 (N.D. W. Va. 2006). In addition, Local R. Civ. P. 26.04(a)(1) provides:

> Waiver: Objections to disclosures or discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to Fed. R. Civ. P. 29, whichever governs, are waived unless otherwise ordered for good cause shown. Objections shall comply with Fed. R. Civ. P. 26(g) and any claim of privilege or objection shall comply with Fed. R. Civ. P. 26(b)(5).

On October 14, 2014, the Court entered an Order directing ISI disclose images taken from the twenty-seven (27) computer units owned by ISI. (Docket No. 221 at 5.) The undersigned also directed that Plaintiffs have access to ISI's former location in Morrisville, North Carolina, to image both Waller's computer and two (2) randomly selected units. (Id.) Only after the Court so ordered did ISI raise privilege concerns, according to Plaintiffs. (Docket No. 380 at 2.) Plaintiffs and ISI agreed that a third-party IT firm would perform the imaging. (Id.) Furthermore, the parties reached the following agreement:

> To avoid court involvement and in hopes of keeping the discovery process moving despite repeated delays, on February 20, 2015, Plaintiff proposed and ISI agreed to produce, by various dates in March, 1) all documents from the forensically-imaged Waller computer, the training computer and the two randomly selected "dummy" units that existed prior to March 31, 2013 and that were not pulled for reasons of potential privilege under the search guidelines agreed to by the parties; 2) all documents from the Office 365 accounts that existed prior ot March 31, 2013 that were not pulled for reasons of potential privilege under the same search criteria; and 3) all information from the forensically-imaged Waller computer, the training computer and the two randomly selected "dummy units documents that existed after March 31, 2013 and that were not pulled for reasons of potential privilege under the same search criteria.
>
> As part of the February 20 Agreement, ISI also agreed to produce to Plaintiff, by

6

>**March 18, 2015**, a privilege log resulting from the information that was pulled for potential privilege from the forensically-imaged Waller computer, the training computer, the two randomly selected "dummy" units and the Office 365 accounts for the time period both before and after March 31, 2015.

(Id. at 2-3.)

ISI has not produced the documents that were not privileged, and counsel for ISI has failed to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and Local R. Civ. P. 26.04(a)(2). This Court has previously noted that "[t]he advisory committee notes to Rule 26(b)(5) of the Federal Rules of Civil Procedure make clear that failure to comply with the rule may constitute a waiver of the privilege." Small v. Ramsey, No. 1:10CV121, 2011 WL 3627271, at *5 (N.D. W. Va. Aug. 17, 2011) (citing Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 662 (D. Colo. 2000)); see also Susko v. City of Weirton, No. 5:09-CV-1, 2010 WL 1881933, at *10-11 (N.D. W. Va. May 7, 2010) (finding that plaintiff's objection on the grounds of privilege and work product doctrine was improper because it was not accompanied by a privilege log and ordering plaintiff to produce complete response to discovery requests at issue). Here, it is clear that the objection given by counsel for ISI was "plainly insufficient" because of his untimely assertion of the objection and because of his failure to produce a privilege log. Twigg, 2007 WL 676208, at *9.

The undersigned finds there is no question that ISI failed to comply with both Fed. R. Civ. P. 26(b)(2) and Local R. Civ. P. 26.04(a)(2). However, "the local rule is silent with respect to the appropriate sanction, if any, to be applied for such a breach." Small, 2011 WL 3627271, at *11. The "sanction of waiver is not mandatory"; rather, "it is permissive and within the discretion of the Court." Id. To determine what, if any, sanctions should be imposed, the Court must consider the following four factors:

7

>   (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

So. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). Sanctions are inappropriate "[w]hen it has been established that failure to comply has been due to inability, and not willfulness, bad faith, or any fault of the non-complying party." Wilson v. Volkswagen of Am., 561 F.2d 494, 503 (4th Cir. 1997).

As noted before, ISI did not file a response to Plaintiffs' instant motion. Given ISI's lack of response, the Court decided after 9:00 a.m. on April 21, 2015 to cancel the telephonic hearing scheduled for the afternoon of April 21, 2015 to avoid waste of counsel and judicial resources and completed preparation of an appropriate order ruling on Plaintiff's motion.

After the Court cancelled the hearing, and completed the final version of the order, the Court untimely received information from counsel for ISI that the parties had reached a proposed resolution to this matter. The Court notes that the parties knew since October 14, 2014 what was required under the Court's Order. The parties knew since April 2, 2015 that a telephonic hearing was scheduled on the pending motion for April 21, 2015 at 1:00 p.m (Docket No. 381). Defendant ISI Alarms NC, Inc knew it was directed by that very court order to file its response on or before Monday, April 20, 2015.

Given the untimely receipt of the information from counsel for ISI that an agreement had been reached, the undersigned finds that both parties have displayed a complete lack of respect - even disdain - for the Court's time, schedule and Order.

Nevertheless, the undersigned will allow the parties **twenty-four (24) hours** from entry of

8

this Order/Opinion to provide the Court in writing an agreed Order outlining the specifics of their proposed resolution. Should the parties not provide such to the Court within that time period, the undersigned shall forthwith issue the already prepared Order disposing of Plaintiffs' motion.

## IV.   Order

For the foregoing reasons, it is **ORDERED** that within **twenty-four (24) hours** from entry of this Order/Opinion, the parties shall provide to the Court in writing their proposed resolution to this matter. Should the parties fail to provide such to the Court within that time period, the undersigned shall forthwith issue  Order disposing of Plaintiff's motion.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order/Opinion to counsel of record and to mail copies to any *pro se* Plaintiffs by certified mail, return receipt requested.

DATED: April 21, 2015

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE