FILED

MAY 19 2015

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

United States District Multi-District Litigation
Northern District of West Virginia

)  Craig Cunningham
)  Plaintiff, Pro-se
)
)
)        v.                                    CIVIL ACTION NO. MDL 2493
)
) Alliance Security, Monitronics, 2 Gig Technology
) Jasjit aka Jay Gotra, UTC Fire and America's Corporation,
) Kathy McDonald aka Kathy Mardaresco, Secure 1 Systems, Mike Mavarro
)     1-10
)  Defendants.

## Plaintiff's Second Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Dallas County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Alliance Security is an alarm system dealer operating from 60 Jefferson Park Road in Warwick RI, 02888 .

3. Jasjit Gotra is the CEO and main individual responsible for the marketing calls made by or on behalf of Alliance Security Inc. Mr. Gotra can be served at the same address as Alliance Security.

4. Monitronics International Inc., is an alarm monitoring service company that is liable for calls placed on their behalf to market their alarm monitoring services and is operating from PO box 814530, Dallas, Tx 75381-4530. They can be served via registered agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

1

5. UTC Fire and America's corporation is an alarm manufacturing company that is a Delaware corporation operating from 8100 SW Nyberg st # 350, Tualatin, Or 97062. They can be served via registered agent The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801

6. 2 Gig Technology, Inc. is the manufacturer for the alarm systems and is liable for calls placed on their behalf and is operating from 2961 Maple Loop Dr, Lehi, UT 84043. They can be served at Corporation Service Company, 2711 Centerville, Rd., Ste 400 Wilmington, DE 19808.

7. Secure 1 Inc., DBA Secure 1 Systems is a California corporation and a dealer for alarm systems that called the Plaintiff soliciting the products of UTC and services of Monitronics. They can be served via registered agent Christopher thomas 2440 N. Fremont #208, Monterey, CA 93940 and are operating from 17993 Cowan Irvine, CA 92614.

8. Mike Mavarro is the president of Secure 1 Inc., and is personally responsible for the calls placed on behalf of Secure 1 Inc., He can be served at 2440 N. Fremont # 208, Monterey, CA 93940 or 17993 Cowan Irvine Ca, 92614

9. Kathy McDonald aka Kathy Mardaresco was the owner of Secure 1 Inc., and is personally responsible for the calls placed on behalf of Secure 1 Inc., she can be served at PO Box 2508, Newport Beach, CA 92656.

**Jurisdiction**

10. Jurisdiction of this court arises as the acts happened and the contract was breached in this county.

11. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

## FACTUAL ALLEGATIONS

12. From 2012 and 2014, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone and home phone which informed the Plaintiff to that according to the FBI, home breakins are on the rise and that he was being offered a free alarm system. The calls were later discovered to be made by Alliance Security and Secure 1 Inc., and both were selling Monitronics Alarm monitoring services as well as 2 Gig Alarm systems for Alliance Security and GE/UTC Products for Secure 1, Inc.

13. The Plaintiff is not in need of a home alarm system. The Plaintiff did not solicit anyone to call his cell phone for assistance in obtaining a home alarm system. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system.

14. These phone calls violated the TCPA in two ways, first by having a pre-recorded message that failed to have the mandated identification information such as the name of the calling entity, maintaining a written do not call policy, training agents on the do not call policy, identification of sellers and telemarketers, which violate

3

47 USC 227(c)(5) under the FCC's rule making authority in 47 CFR 64.1200(d) which entitles the Plaintiff to $1500 per call and second by the automated nature of them and by containing pre-recorded messages that were directed to the Plaintiff's cell phone, which violates 47 USC 227(b) and additionally entitles the Plaintiff to an award of $1500 per call. In total, each call entitles the Plaintiff to recover $3,000 per call.

15. Alliance Security has made so many offending phone calls, they were the target of a recent enforcement action by the FTC where they were accused of making over 2 million illegal phone calls including calls to individuals on the do not call list. The FTC levied a $3.4 million dollar fine against them as a result of their illegal actions in 2014.[1]

16. Despite being painfully aware their actions were illegal, being relieved of $300,000 cash from the FTC and multiple other state attorney's general, and in direct violation of and with contempt of an agreed Federal court injunction against future behavior, the company still continues to make illegal telephone calls and and has not altered their behavior, literally to this very day. Despite having filed a lawsuit more than a year ago against Alliance Security, the Plaintiff still receives calls from them and none of the other sellers, Monitronics, GE/UTC, or 2 Gig have done anything to punish or deter this behavior.

17. In making these calls, Alliance and Secure 1 Inc., were essentially marketing the products manufactured by 2 gig technology and GE security as well as monitoring services offered by Monitronics through their dealer relationship with

---

[1] See Stipulated final order for permanent injunction and civil penalty judgment dated 3/10/2014 in the US District court of Massachusetts, case 1:14-cv-10612

both companies. Agents would frequently use the brand/trade names of the companies, direct consumers to the websites of 2 Gig and Monitronics when asked who was calling and were essentially making the calls on behalf of these product/service providers. The 6th circuit as well as multiple other courts have ruled that there is direct liability to include for corporate actors such as executives like Jasjit Gotra and Kathy McDonald and vicarious liability for corporations that ultimately benefit or sell services/products illegally marketed by 3rd parties. The parties are also jointly and severally liable for the phone calls as well.

18. Alliance security made millions of phone calls based on leads bought by lead generation services and continues to make the illegal phone calls despite knowing that the leads are questionable at best and the individuals being calls have not given express or implied consent to be called with an automated telephone dialing system or pre-recorded messages. The Plaintiff was one of the consumers called multiple times on multiple phone numbers over the years. The Plaintiff has been called at least 60 times by the defendants Alliance Security or agents thereof.

19. 2 gig technology was a knowing accessory to the actions of Defendant Alliance and their entire frequently asked questions page is devoted to telemarketing telephone calls, how they don't sell directly to consumers, and responses to consumers who have received calls about their products: http://www.2gig/com/contact/faqs

20. Similarly, the calls were placed with apparent authority, actual authority, and the ratification of Monitronics, UTC, and 2 Gig. These companies knew of the illegal conduct by Alliance security and their improper telemarketing, and still refused to

exercise control or authority over Alliance Security to reduce or eliminate the improper sales methods.

### Vicarious liability of the manufacturers and service providers

21. Similarly, the calls were placed with the apparent authority, actual authority, and ratification of Monitronics, UTC, and 2 Gig. These companies knew of the illegal conduct by Alliance security and their improper telemarketing and still refused to exercise control or authority over Alliance Security to reduce or eliminate the improper sales methods.

22. The telemarketing calls were placed on behalf of and with full knowledge of UTC, Monitronics, and 2 Gig technology. These companies permitted dealers to use their trade names, trademarks, website, and gave access to their databases and pricing information. There are formal, contractual agreements between the parties for sales and distribution of their products and services through the alarm dealers Secure 1 Inc., and Alliance Security.

23. Monitronics, 2 Gig, and GE were mentioned by name by the agents of Alliance Security and Secure 1 Inc. Apparently the alarm dealers cooked up a scheme to use fly by night "lead generators" that most likely used computer programs to crawl the internet and scrape phone numbers from websites, press releases, Craigslist, and other sites to make a list of phone numbers to sell as targets for pre-recorded and automated calls. These lists were then taken by Secure 1 Inc., and 2 Gig and used to pitch products/services offered by Monitronics, 2 Gig, and GE/UTC.

24. UTC and 2 GIG technology, (the product manufacturers) are liable for the calls placed as the calls were placed on behalf of and for the benefit of the above named parties. Each of the named parties authorized the dealers to place calls under their individual apparent and actual authority and each of the above named entities ratified the conduct of Alliance and Secure 1 Inc., (the dealers). None of the above named manufacturers sell directly to the public, but rather signed contracts for distribution and authorized dealers, of which Secure 1 Inc., and Alliance Security are. The agreements between dealers and manufacturers and Monitronics are dictated by the terms from Monitronics and the manufactures.

25. All of the manufacturers and Monitronics have known for years that their authorized dealers, especially Alliance Security and Secure 1 Inc., have been the source of numerous complaints from consumers and government regulatory agencies regarding illegal telemarketing efforts by the dealers.

26. For example, Alliance was hammered by the FTC with a multi-million dollar fine for making over 2 million illegal calls, but the manufacturers and Monitronics still continued to do business with them. Alliance has been the target of multiple class action lawsuits as well as the defendant manufacturers, and yet it is still business as usual and no change in conduct has occurred by any of the defendants.

27. In fact, Monitronics celebrated and gave rewards for making illegal telemarkeitng calls including to sales award to Alliance in 2009, dealer of the year in 2010, and in 2011 a trip to the super bowl by Monitronics. This is clear ratification of the conduct of Alliance in addition to accepting millions of dollars in business from them.

28. These facts support the company wide policy of each respective company for wholesale disregard of the TCPA and ratification of lawbreaking by Alliance by providing financial incentives and awards for breaking the law.

### SECURE 1 Inc TCPA Violations

29. Secure 1 Inc., followed a similar business model although on a smaller scale than Alliance purchasing leads of dubious origin, inputting them into an automated dialer system and then making phone call after phone call to consumers who never opted in or agreed to be called in this manner.

30. The Plaintiff received at least 3 phone calls from Secure 1 Inc pitching these alarm services which was doing so at the behest of Kathy McDonald and Mike Mavarro. These calls similarly contained a pre-recorded message and was automated in violation of 47 USC 227(b).

31. The defendants have gone to great lengths as well in attempts to disguise their true identity in violation of 47 USC 227(c)(5) as codified by 47 CFR 64.1200 by spoofing their phone numbers, using false names, and when caught, folding up shop under the name Secure 1 Inc., and them changing to VIM Holdings Inc., but still operating from the same address doing the same scheme to illegally obtain money from consumers.

32. Each call contained a pre-recorded message about FBI statistics showing home break-ins are on the rise and followed that with a pitch to buy their alarm systems.

33. Apparently after receiving a torrent of complaints regarding Secure 1 Inc., the company shut down under that name, created a new corporation, and continued to

place calls to the Plaintiff under the dba name of First Guard Alarm or First Alert through the corporation of VIM Holdings Inc., at the exact same address.

34. The Plaintiff's complaint is limited to the violations of the TCPA under Secure 1 Inc., in this case and is pursuing VIM Holdings in a separate action. The main thrust of this amended complaint is to add Kathy McDonald as a defendant in this case for her actions with Secure 1 Inc.

## CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

35. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

36. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name, address, and phone number of the entity placing the phone calls. These actions violate 47 USC 227(b) and entitle the Plaintiff to $1500 per call in damages as these were willful actions.

## CAUSES OF ACTION:

### COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

37. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

38. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message. These calls also violated 47 USC 227(c)(5)

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.
D. Punitive damages for all claims in the amount of $1,000,000
E. Attorney's fees for bringing this action; and
F. Costs of bringing this action; and
G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

/s/ Craig Cunningham
Plaintiff, Pro-se
Mailing address:
5543 Edmondson Pike, ste 248
Nashville, Tn 37211
615-348-1977

May 7th 2014

United States District Multi-District Litigation
Northern District of West Virginia

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)       v.
)                CIVIL ACTION NO. MDL 2493
)
) Alliance Security, Monitronics, 2 Gig Technology
) Jasjit aka Jay Gotra, UTC Fire and America's Corporation,
) Kathy McDonald aka Kathy Mardaresco, Secure 1 Systems, Mike Mavarro
)       1-10
)   Defendants.

### Certificate of Service

1. I hereby certify that a true copy of the foregoing was mailed to the defendants of record in this case.

/s/ *(signature)*
Craig Cunningham

5543 Edmondson Pike, ste 248

Nashville, TN 37211

615-348-1977

5/13/2015